UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DURAZO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br><br>CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation, WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., a federally chartered bank, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11cv0099-GPB(KSC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT; DENYING PLAINTIFF'S REQUEST FOR A COURT ORDER REQUIRING DEFENDANT TO NOTIFY PLAINTIFF OF ALL FUTURE FILINGS**<br><br>[Doc. No. 59.] |

　　　　On September 27, 2012, Plaintiff Mario Durazo, proceeding *pro se*, filed a motion to shorten time for leave of court to amend the complaint; amend the complaint to name a Doe Defendant and request the Court to order Defendant to comply with the rules of court to properly notify the *pro per* Plaintiff. (Dkt. No. 59.) Defendant Wachovia Mortgage filed an opposition on October 15, 2012. (Dkt. No. 61.) Based on the reasoning below, the Court GRANTS Plaintiff's motion for leave to amend the complaint and DENIES Plaintiff's request for a court order requiring Defendant to notify Plaintiff of all future filings.

/ / / /

**Background**

On January 12, 2011, Plaintiff filed complaint in state court against Defendants. On January 14, 2011, Plaintiff filed an *ex parte* application in state court for a temporary restraining order, and order to show cause why a preliminary injunction should not issue to prevent Defendants Cal-Western Reconveyance Corporation and Wachovia Mortgage, a Division of Wells Fargo Bank, N.A. ("Wachovia") from selling, attempting to sell, or causing to be sold Plaintiff Mario Durazo's real property located at 3765 Mount Abbey Avenue, San Diego, CA 92111. On January 18, 2011, the state court granted Plaintiff's request for temporary restraining order and issued an order to show cause why the provisions in the temporary restraining order should not be contained in a preliminary injunction. (Dkt. No. 1.) On the same date, Defendants removed the case to this Court. (Dkt. No. 1.)

On February 8, 2011, the Court denied Plaintiff's application for issuance of preliminary injunction and dissolved the temporary restraining order. (Dkt. No. 11.) On February 2, 2011, Defendant Wachovia Mortgage filed a motion to dismiss. (Dkt. No. 9.) On March 14, 2011, District Judge Anello granted in part and denied in part Defendant's motion to dismiss. Specifically, the Court dismissed with prejudice claim numbers 1, 2, 4, 5, 7, 8, and 9; granted in part and denied in part Defendant's motion to dismiss as to claim 6 and denied Defendant's motion to dismiss as to claim 3. (Dkt. No. 17.) The Court granted Plaintiff until March 28, 2011 to file an amended complaint. (Id.)

On March 25, 2011, Plaintiff filed a notice of appeal of the Court's order. (Dkt. No. 18.) On May 19, 2011, Plaintiff filed a notification of bankruptcy and notice of stay. (Dkt. No. 27.) On April 23, 2011, the Ninth Circuit issued its mandate and dismissed the appeal for lack of jurisdiction. (Dkt. No. 33.)

On September 18, 2012, Plaintiff filed an *ex parte* motion to shorten time for leave of court to amend the complaint. (Dkt. No. 54.) On September 20, 2012, the Court denied Plaintiff's *ex parte* motion and directed Plaintiff to first obtain a hearing date from the Court. (Dkt. No. 57.) On September 27, 2012, Plaintiff obtained a hearing date and filed a motion to shorten time for leave of court to amend the complaint. (Dkt. No. 59.) Defendant Wachovia Mortgage filed an opposition. (Dkt. No. 61.) On October 29, 2012, the case was transferred to the undersigned judge. (Dkt. No. 60.)

On March 14, 2011, District Judge Anello granted Plaintiff until March 28, 2011 to file an

amended complaint. In the meantime, Plaintiff filed a notice of appeal regarding the order granting in part and denying in part Defendant's motion to dismiss on March 25, 2011. He also filed a notice of bankruptcy on May 19, 2011. The Ninth Circuit's mandate dismissing the appeal fo lack of jurisdiction was filed on August 23, 2011. Plaintiff was under the impression that this case was stayed once he filed his notice of bankruptcy. Having been told by the Bankruptcy Court that he could proceed in this case, he filed his motion for leave of court to amend the complaint.

Although much time has passed since District Judge Anello granted Plaintiff a deadline to file an amended complaint, the Court concludes that in the interests of justice, the Court GRANTS Plaintiff's motion for leave of court to amend the complaint. Fed. R. Civ. P. 15(a)(2).

Plaintiff also seeks a court order that requires Defendant to notify Plaintiff of all future filings. Defendant states that the Court's record reflects that Defendant provided notice of its filings either to Plaintiff's counsel or to Plaintiff at the address he provided. The Court notes that the docket reflects such notice to Plaintiff. Accordingly, the Court DENIES Plaintiff's motion for a court order requiring Defendant to notify Plaintiff of all future filings.

## Conclusion

Based on the above, the Court GRANTS Plaintiff's motion for leave of court to amend the complaint. Plaintiff shall file an amended complaint on or before **December 5, 2011.** The Court also DENIES Plaintiff's motion for a court order requiring Defendant to notify Plaintiff of all future filings.

IT IS SO ORDERED.

DATED: November 15, 2012

HON. GONZALO P. CURIEL
United States District Judge