# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DURAZO,<br><br>                    Plaintiff,<br>  vs.<br><br>CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation, WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., a federally chartered bank, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO. 11cv0099-GPC(KSC)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>[Dkt. Nos. 70, 71.] |

On December 17, 2012, Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. filed a motion to dismiss the first amended complaint and a motion to strike. (Dkt. Nos. 70, 71.) On December 19, 2012, Defendant Cal-Western Reconveyance Corporation filed a notice of joinder to Wachovia's motion to dismiss and motion to strike. (Dkt. Nos. 72, 73.) The Court set a briefing schedule requiring Plaintiff to file a response by February 1, 2013. (Dkt. No. 74.) To date, Plaintiff,

proceeding *pro se*, has not filed an opposition.[1]

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Even though the court has an obligation to liberally construe their pleadings, "pro se litigants are bound by the rules of procedure." Ghazali, 46 F.3d at 54. Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiff's failure to file an opposition. See Ghazali, 46 F.3d at 53. The majority of these factors weigh in favor of dismissal.

Because Plaintiff has failed to comply with Civil Local Rule 7.1.f.3.c, the Court finds good cause to grant Defendant's unopposed motion to dismiss. The Court's docket reflects that Plaintiff was served with a copy of the motions and the Court's

---

[1] On December 14, 2012, Defendant Cal-Western Reconveyance Corporation filed a Declaration on Non-Monetary Status to Plaintiff's First Amended Complaint. (Dkt. No. 68.) On December 20, 2012, pursuant to California Civil Code section 2924l, Plaintiff filed an opposition to Cal-Western's Declaration on Non-Monetary Status. (Dkt. No. 76.)

1  briefing schedule. Accordingly, the Court **GRANTS** Defendants' motion to dismiss
2  as unopposed. See Civ. Local R. 7.1.f.3.c; see also Ghazali, 46 F.3d at 53; Holt v.
3  I.R.S., 231 Fed. Appx. 557, 558 (9th Cir. 2007) (court did not abused its discretion in
4  dismissing action for failure to file an opposition and rejecting *pro se* plaintiff's
5  contention that the district court should have warned her of the consequences of failing
6  to file an opposition).

7      IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint is
8  **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendants' Motion to
9  Dismiss, currently set for May 17, 2013, is **VACATED**.

10      IT IS HEREBY ORDERED.

12  DATED: May 7, 2013

                        HON. GONZALO P. CURIEL
                        United States District Judge