# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARIO DURAZO, | CASE NO. 11cv0099-GPB(KSC) |
|---|---|
| Plaintiff, | **ORDER *SUA SPONTE* REMANDING TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION AND DENYING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT** |
| vs. | |
| CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation, WACHOVIA MORTGAGE, a division of WELLS FARGO BANK, N.A., a federally chartered bank, and DOES 1 through 10, inclusive, | [Dkt. Nos. 70, 71, 88.] |
| Defendants. | |

Before the Court is Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A.'s ("Wachovia") motion to dismiss and motion to strike the first amended complaint. (Dkt. Nos. 83, 84.) On May 24, 2013, Defendant Cal-Western Reconveyance Corporation filed a notice of joinder in Wachovia's motion to dismiss and motion to strike. (Dkt. Nos. 85, 86.) On June 6, 2013, Plaintiff filed an opposition and an "ex parte motion to reconsider judgement (sic)." (Dkt. Nos. 88, 90.) On June 20, 2013, Wachovia filed a reply. (Dkt. No. 91.) On June 21, 2013, Defendant Cal-

Western Reconveyance Corporation filed a joinder in the reply. (Dkt. No. 92.) Based on a review of the operative pleading, and the briefing on the motion to dismiss, the Court *SUA SPONTE* remands the matter to state court and DENIES Defendants' motion to dismiss.

**Background**

On January 18, 2011, the case was moved to this court from the Superior Court of California, County of San Diego. (Dkt. No. 1) The notice of removal states that the Court has subject matter jurisdiction because Plaintiff alleged at least one violation of a federal statute. (Id.) On March 14, 2011, District Judge Anello granted in part and denied in part Defendant Wachovia's motion to dismiss the complaint. (Dkt. No. 17.) On October 9, 2012, the case was transferred to the undersigned judge. (Dkt. No. 60.)

On December 5, 2012, plaintiff filed a first amended complaint ("FAC") alleging nine state law causes of action based on the foreclosure of his home. (Dkt. No. 65.) Subsequently, Defendant Wachovia filed a motion to dismiss and motion to strike with Cal-Western Reconveyance Corporation filing a notice of joinder in these motions. (Dkt. Nos. 70, 71, 72, 73.) No opposition was filed by Plaintiff. On May 7, 2013, the Court granted Defendants' unopposed motions to dismiss and motions to strike and dismissed the FAC without prejudice. (Dkt. No. 78.) On May 15, 2013, Plaintiff filed a motion to vacate the Clerk's judgment, (Dkt. No. 81), which the Court granted on May 21, 2013. (Dkt. No. 82.) A new briefing schedule was set as to the pending motions filed by Wachovia.

**Discussion**

The federal court is one of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. Steel Co. v. Citizens for a Better Envt, 523 U.S. 83, 93–94 (1998); see Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090,

1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 (1987); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988). The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc., 482 U.S. at 392.

A review of the amended complaint in this case shows that Plaintiff alleges nine causes of action under California state law. (Dkt. No. 65, FAC.) In the motions to dismiss, while Defendants do not address subject matter jurisdiction, it seeks dismissal of the state law claims because they are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*

"[A] state claim may be removed to federal court in only two circumstances-when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). Complete preemption is sometimes invoked by reference to the "artful pleading" doctrine, under which "a well-pleaded state law claim presents a federal question when a federal statute has

completely preempted that particular area of law." Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007). Two types of preemption exists. Ordinary premption is a federal defense to a state law claim and "insufficient to confer federal jurisdiction if the complaint on its face does not present a federal question." Moore-Thomas v. Alaska Airlines, 553. F.3d 1241, 1244 (9th Cir. 2009) (citation omitted). On the other hand, complete preemption may remove a state-law claim "[w]hen [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." Beneficial Nat'l Bank, 539 U.S. at 8.

Although the Ninth Circuit has not yet addressed the question of whether HOLA completely preempts state law claims, districts court within the Ninth Circuit have concluded that HOLA and its implementing regulations do not have the effect of complete preemption. See, e.g., Bazan v. U.S. Bancorp, No. 10–CV–03265–LHK, 2011 WL 566804, at *4 (N.D. Cal. Feb. 14, 2011); Wilburn v. IndyMac Bank, F.S.B., No. CIV2:10-3384 WBS CMK, 2011 WL 2174608, at *2 (E.D. Cal. June 1, 2011); Sarzaba v. Aurora Loan Servs., No. 10cv1569 BTM (NLS), 2010 WL 3385062, at *3 (S.D. Cal. Aug. 26, 2010); Pazos v. Wachovia, No. CV 10–2732 AHM (CWx), 2010 WL 3171082, at *3–4 (C.D. Cal. Aug.10, 2010); Caampued v. First Federal Bank of California, No. C 10–0008 RS, 2010 WL 963080, at *2 n. 1 (N.D. Cal. Mar.16, 2010). This Court agrees and finds the analysis in these cases to be persuasive. Since HOLA does not provide for complete preemption, the state law claims alleged in the FAC do not confer federal subject matter jurisdiction on this Court.

### Conclusion

Based on the above, the Court finds no basis for subject matter jurisdiction in this case and *SUA SPONTE* remands the matter to state court and DENIES Defendants' motions to dismiss and motion to strike. The Court also DENIES Plaintiff *ex parte*

1  motion to reconsider judgment.  The Clerk of Court shall close the case.
2      IT IS SO ORDERED.

4  DATED:  July 22, 2013

                                    HON. GONZALO P. CURIEL
                                    United States District Judge